IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN CARLOS BURGOS GARCIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 318-042 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Institution, in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. The Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

On November 5, 2012, while Petitioner "was incarcerated in Cuba serving a sentence given by the Cuban judicial system," he was notified that he had been indicted in the United States District Court for the Southern District of Florida. (Pet., doc. no. 1, p. 3.) At the time, Petitioner was serving a sixteen-year term of imprisonment stemming from his April 29, 2010 arrest in Cuba for a charge of "Custodian of Individual Importing Drugs." (Giddings Decl., doc. no. 11-2, ¶ 4.) The Cuban sentence was later mitigated, and Petitioner

was released from Cuban custody on September 25, 2015, having received credit against his Cuban sentence since the time of his arrest on April 29, 2010.  (Id. ¶¶ 4, 9.)  That same day, Petitioner returned to his native country of Colombia, at which time he was arrested pursuant to a federal arrest warrant issued by the United States.  (Id. ¶¶ 4-5 & Attach. 1.)

An Assistant United States Attorney signed an affidavit in support of extradition on October 29, 2015, and on January 29, 2017, the United States extradited Petitioner to face the three drug charges for which he had been indicted in the Southern District of Florida.  (Id. ¶¶ 6-7 & Attach. 2.)  On May 16, 2017, United States District Judge Donald M. Middlebrooks sentenced Petitioner to seventy months of imprisonment for Conspiracy to Import One Kilogram or More of a Detectable Amount of Heroin, with the direction Petitioner receive jail credit from the date of his arrest in Colombia, September 25, 2015, through the day prior to his federal sentencing, May 15, 2017.  (Id. ¶ 8 & Attachs. 4, 5.)  Petitioner's projected release date, via good conduct credit, is October 23, 2020.  (Id., Attach. 5; Pet., p. 22.)  The projected release date does not include credit for any of the time Petitioner was in Cuban custody, including the credit he seeks in this petition from the date he learned of his indictment, November 5, 2012, through the day before his arrest in Colombia on September 25, 2015.

Through the administrative grievance procedure, Petitioner demanded credit for all time spent in custody from November 25, 2012, through September 25, 2015.  (Pet., pp. 8-26.)  The Bureau of Prisons denied Petitioner's grievance, and Petitioner filed the instant petition again requesting credit for the same disputed time period.  (See generally Pet.)  Respondent maintains Petitioner's projected release date is correct because Petitioner has received all applicable credits.  (See generally doc. no. 11.)

**II.     DISCUSSION**

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

3

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)).  PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence."  PS 5580.28, p. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Aug. 22, 2018).  The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks federal credit for time previously credited to his sentence imposed by Cuban authorities because he became aware of the charges pending against him in the Southern District of Florida while still incarcerated on the Cuban sentence.  However, to award the requested credit would violate the tenets of § 3585(b) as described above because it would result double in credit, as the period of November 5, 2012, to September 24, 2015, was already credited against Petitioner's Cuban prison sentence.  Although Petitioner's request for relief requests credit from November 5, 2012 through September 25, 2015, the record reflects Petitioner has been credited for September 25, 2015. (Doc. no. 11-1, p. 4.)

Petitioner counters international law provides "jail credit at the required country should be given to the person sought in extradition even if the person is serving a foreign sentence" if the person sought has been notified of the intent to seek extradition. (Pet., p. 4.) Because Petitioner claims he was notified about his potential extradition while he was serving his Cuban sentence, he contends he is entitled to credit from the day he found out about his pending charges in the Southern District of Florida.  (Id.)  Even if Petitioner's

4

interpretation of the law were correct, and even if Petitioner had provided any support for his assertion the United States is subject to such a provision of international law – which he has not done - he is not entitled to the relief he seeks. There is no evidence in the record of what, if any, notice Petitioner received about pending charges in the Southern District of Florida while incarcerated in Cuba. The only formal request for extradition contained in the record shows there was no such request made by the United States until October 29, 2015, nearly one month after expiration of Petitioner's Cuban sentence and his return to Colombia. (Giddings Decl., ¶¶ 6, 10 & Attach. 2.)

Petitioner has properly received jail credit from September 25, 2015 through May 15, 2017, toward his seventy-month sentence imposed in the Southern District of Florida. He is not entitled to the additional credit he now seeks, and his § 2241 petition should be denied.

### III. CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 22nd day of August, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA